1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  FREDERICK WINZER,                    CASE NO. CV-F-03-5678-SMS-P

10            Plaintiff,                ORDER REQUIRING PLAINTIFF TO EITHER
                                        FILE SECOND AMENDED COMPLAINT OR
11       v.                             NOTIFY COURT OF WILLINGNESS TO
                                        PROCEED ONLY ON CLAIM AGAINST
12  WACKENHUT CORRECTIONS               DEFENDANTS ANDREWS, BARNES,
    CORPORATION, et al.,                AKANNO, STERLING, AND STEWARD
13
              Defendants.               (Doc. 50)
14  _____/

15

16  I.      Screening Order

17          A.      Procedural History

18          Plaintiff Frederick Winzer ("plaintiff") is a federal prisoner proceeding pro se in this civil

19  rights action.  This action was removed to the court by defendants Andrews and Sterling on May 23,

20  2003, and defendants Andrews, Sterling, Wackenhut Corrections Corporation, Richard Wackenhut,

21  George Wackenhut, Barnes, and Akanno filed a motion for summary judgment on March 12, 2004.

22  On December 23, 2004, the court denied defendants' motion for summary judgment on the ground

23  that defendants failed to meet their burden as the moving parties and this matter was set for trial.

24  The scheduling order was subsequently vacated and plaintiff was given leave to amend his

25  complaint.  Following several extensions of time, plaintiff filed an amended complaint on July 28,

26  2005.  Defendants were relieved of their obligation to respond to the amended complaint pending

27  screening by the court.

28  ///

1   B. <u>Screening Requirement</u>

2   The court is required to screen complaints brought by prisoners seeking relief against a

3 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

11 exceptions," none of which applies to section 1983 actions.  <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

12 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short

13 and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro.

14 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

15 and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  A court may dismiss a

16 complaint only if it is clear that no relief could be granted under any set of facts that could be proved

17 consistent with the allegations.  <u>Id.</u> at 514.  "'The issue is not whether a plaintiff will ultimately

18 prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may

19 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the

20 test.'"  <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S.

21 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

22 suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262

23 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a

24 plaintiff's factual allegations."  <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal

25 interpretation of a civil rights complaint may not supply essential elements of the claim that were not

26 initially pled."  <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

27 <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

28 ///

1      C.      Summary of Plaintiff's Amended Complaint

2          The events at issue in this action allegedly occurred at the Taft Correctional Institution in

3    Taft, California, where plaintiff was incarcerated at the time.  Plaintiff names Warden Raymond D.

4    Andrews,[1] Associate Warden Walter Barnes, Dr. Jonathan Akanno, Dr. James L. Simonson, Dr.

5    George Girgis, Janet Sterling, and Barbara Steward as defendants.  Plaintiff is seeking money

6    damages.

7      D.      Plaintiff Claims

8          1.      42 U.S.C. § 1983

9          Plaintiff alleges that he is seeking relief for violation of his constitutional rights pursuant to

10   42 U.S.C. § 1983.  Section 1983 provides a right of action for violations by persons acting under

11   color of *state* law.  Plaintiff is a federal prisoner and the events giving rise to suit occurred at a

12   private facility under contract with the Federal Bureau of Prisons.  Accordingly, plaintiff's citation

13   to section 1983 shall be disregarded and this action shall be treated as one brought  pursuant to

14   Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which

15   provides a remedy for violation of civil rights by federal actors.

16         2.      Fourteenth Amendment Claim

17         Plaintiff alleges a Fourteenth Amendment claim stemming from his right to medical care

18   while incarcerated.  For convicted prisoners such as plaintiff, a claim that medical care violates the

19   United States Constitution is brought under the Eighth Amendment, not the Fourteenth Amendment.

20   Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) ("Where a particular amendment provides an

21   explicit textual source of constitutional protection against a particular sort of government behavior,

22   that Amendment, not the more generalized notion of substantive due process, must be the guide for

23   analyzing a plaintiff's claims.") (citations, internal quotations, and brackets omitted), *cert. denied*,

24   117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).  Accordingly,

25   plaintiff's Fourteenth Amendment claim shall be dismissed from this action, with prejudice, and this

26   ///

27

28
_____
      [1] Erroneously identified as Richard D. Andrews in the amended complaint.

3

action, which stems solely from events concerning plaintiff's medical care, shall proceed for violation of the Eighth Amendment.

### 3. Eighth Amendment Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations are sufficient to support a claim that his rights under the Eighth Amendment were violated with respect to the care he received for his finger and eye injuries. However, in order to pursue a claim for relief under Bivens against all of defendants named in the amended complaint, plaintiff must allege facts sufficient to link acts or omissions of each defendant to the alleged violation of plaintiff's rights. Liability may not be imposed against defendants who were not involved in the events or against supervisory personnel for the actions of their employees under a theory of respondeat superior. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991). With respect to defendants Andrews, Barnes, Akanno, Sterling, and Steward, plaintiff's allegations are sufficient to state a claim, as plaintiff sets forth facts sufficient to support a claim that defendants

4

knew of the problems complained of and failed to take action.  Plaintiff's allegations against defendant Sterling are the weakest, but the court finds that although poorly pled, the allegations, construed liberally, support a claim that plaintiff's rights were violated as a results of policies and practices in place at TCI and that defendant Sterling was responsible for those policies.  A defendant in a supervisory or administrative position may be held liable if he or she implemented or promulgated a policy or practice that was the moving force behind the violation.  <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

However, plaintiff's allegations are not sufficient to support a claim for relief against defendant Simonson or defendant Girgis.  "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id</u>. at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id</u>. (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that defendant Simonson examined plaintiff on May 19, 1999, for plaintiff's complaint of blurry vision and broken glasses.  Defendant Simonson diagnosed plaintiff with astigmatism and apparently wrote plaintiff a prescription for glasses, in case plaintiff changed his mind about purchasing the designer glasses offered by defendant.  Plaintiff's complaint contains no other allegations linking defendant Simonson to additional actions or omissions.  The allegations set forth against defendant Simoson are insufficient to support a claim that defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." <u>Farmer</u>, 511 U.S. at 837.

Plaintiff alleges that on May 19, 1999, defendant Girgis "wrote the Consultation Sheet of Dr. Simonson," which reflected a diagnosis of astigmatism, a complaint of blurry vision due to lack of glasses, and the recommendation for a prescription. (Amend. Comp., 32:8-11.) Plaintiff alleges that his first injury was reported on November 11, 1999, and that he suffered a "horrific" injury to his left eye on August 19, 2000. (<u>Id</u>., 32:13-18.) The only incident involving defendant Girgis set forth in

the amended complaint is that on May 19, 1999.  Those allegations do not support a claim that defendant Girgis "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." <u>Farmer</u>, 511 U.S. at 837.

      E.   <u>Conclusion</u>

The court finds that plaintiff's amended complaint contains a cognizable claim for relief against defendants Andrews, Barnes, Akanno, Sterling, and Steward for violation of the Eighth Amendment.  However, the court finds that plaintiff's amended complaint does not contain a cognizable Eighth Amendment claim against defendants Simonson and Girgis.  The court will provide plaintiff with the opportunity to file a second amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file a second amended complaint and wishes to proceed only against defendants Andrews, Barnes, Akanno, Sterling, and Steward for violation of the Eighth Amendment, plaintiff may so notify the court in writing.  The court will then dismiss defendants Simonson and Girgis, order defendants Andrews, Barnes, Akanno, and Sterling to file a response to the amended complaint, and direct the United States Marshal to initiate service of process on defendant Steward.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976);

///

6

1    May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

2    1978).

3              Based on the foregoing, it is HEREBY ORDERED that:

4        1.    Plaintiff's citation to 42 U.S.C. § 1983 is disregarded and this action shall proceed

5              as a Bivens action;

6        2.    Plaintiff's Fourteenth Amendment claim is dismissed, with prejudice;

7        3.    The Clerk's Office shall send plaintiff a Bivens complaint form;

8        4.    Within **thirty (30) days** from the date of service of this order, plaintiff must either:

9              a.    File a second amended complaint curing the deficiencies identified by the

10                   court in this order, or

11             b.    Notify the court in writing that he does not wish to file a second amended

12                   complaint and wishes to proceed only against defendants Andrews, Barnes,

13                   Akanno, Sterling, and Steward on his Eighth Amendment claim; and

14       5.    If plaintiff fails to comply with this order, this action will be dismissed for failure to

15             obey a court order.

16

17   IT IS SO ORDERED.

18   **Dated:    April 5, 2006**                       _____/s/ Sandra M. Snyder_____
     icido3                                            UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28